Quarles & Brady LLP
Renaissance One
Two North Central Avenue, Suite 600
Phoenix, Arizona 85004-2391
Telephone 602.229.5200

Jason D. Curry (#026511)
jason.curry@quarles.com
Dallin B. Hendricks (#037954)
dallin.hendricks@quarles.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Altec Capital Services, LLC, an Alabama limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Maximus Tree Works LLC, an Arizona limited liability company; and Johnnie Morales, individually,<br><br>Defendants. | Case No. CV-25-00203-PHX-ROS<br><br>**ALTEC CAPITAL SERVICES, LLC'S MOTION FOR DEFAULT JUDGMENT** |

Plaintiff Altec Capital Services, LLC ("**Plaintiff**"), pursuant to Rule 55(b), Federal Rules of Civil Procedure, respectfully moves for entry of default judgment against Defendants Maximus Tree Works LLC ("**Maximus**") and Johnnie Morales ("**Morales**" and collectively with Maximus, "**Defendants**") because Defendants have failed to plead or otherwise defend this action as provided by the Federal Rules of Civil Procedure. This Motion is supported by the *Declaration Of Ralph B. Griswold, III* (the "**Declaration**") attached hereto as **Exhibit "A"**, the following Memorandum of Points and Authorities, and the entire record before the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**.

The facts set forth in Plaintiff's *Complaint* (the "**Complaint**") [Dkt. 1] and supported by documentary evidence of record establish the liability of Defendants and grounds

necessary for the Court to grant replevin. Defendants have failed or refused to defend against the claims set forth in the Complaint. Therefore, Plaintiff requests that the Court enter judgment by default as to all counts of the Complaint.

## II.     BACKGROUND.

As set forth in the Complaint, Plaintiff is an equipment finance and leasing business headquartered in Birmingham, Alabama. [Complaint, ¶ 8; Declaration, ¶¶ 4, 12] Maximus engages in the trade of tree health, pruning, and removal and is headquartered in Arizona. [Complaint, ¶¶ 9–10] Morales is an individual that resides in Arizona and is the sole member of Maximus [Complaint, ¶ 11]

In December of 2019, Defendants approached Plaintiff about financing equipment for Maximus' business. [Complaint, ¶¶ 12–13; Declaration, ¶ 13] Between June of 2020 and August of 2023, Maximus and Plaintiff entered in a series of leases (collectively referred to as the "**Lease Agreement**") to provide Maximus with the financing of the Equipment[1] for its business. [Complaint, ¶¶ 23, 28, 33, 38, 43, 48, 53, 58, 63, 68, 73, 78, 83, 88, 93, 98, 102; Declaration, ¶ 14] In connection with the Lease Agreement, Morales entered into the Guaranty whereby he personally guaranteed prompt payment of all amounts due under the Lease Agreement. [Complaint, ¶ 14; Declaration, ¶ 15] On or about June 24, 2020, Altec filed a UCC Financing Statement for the Equipment (the "**2020 UCC Financing Statement**"). [Complaint, ¶ 18; Declaration, ¶ 17]

In February 2024, payment in the sum of $85,584.27 was due under the Lease Agreement across all leases. [Complaint, ¶ 106; Declaration, ¶¶ 18, 21] On or around May 7, 2024, Plaintiff notified Defendants of the default and terminated the Lease Agreement. [Complaint, ¶ 107; Declaration, ¶ 18, 22] On June 28, 2024, Plaintiff received a payment of $50,000 that was applied to the balance from February 2024 and, to the extent possible, March 2024, but this did not sufficiently cover the then required balance due and owing. [Complaint, ¶ 109; Declaration, ¶ 23] On or about December 17, 2024, Plaintiff

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

provided Defendants with the demand for payment to which Defendants did not respond. [Complaint, ¶¶ 110, 112; Declaration, ¶¶ 24–25] Defendants have not paid any amounts owing under the Lease Agreement since July of 2024, and have not paid monthly payment obligations due since March of 2024. [Complaint, ¶ 113; Declaration, ¶ 26] Under the terms of the Lease Agreement, upon default, Plaintiff may pursue all rents, and other payments or damages (including attorneys' fees and costs) due and owing under the Lease Agreement. [Complaint, ¶ 115; Declaration, ¶ 28] Plaintiff may also pursue the return of the Equipment as payment for damages (including attorneys' fees and costs) due and owing under the Lease Agreement. [Complaint, ¶ 116; Declaration, ¶ 29]

On January 22, 2025, Plaintiff filed this lawsuit in the United States District Court for the District of Arizona seeking three counts. It presented a claim for judgment against Maximus for breach of the Lease Agreement in the amount of $4,165,952.71. [Complaint, ¶¶117–122] Plaintiff also sought a claim for judgment against Morales for breach of the Guaranty in the amount of $4,165,952.71. [Complaint, ¶¶123–128; Declaration ¶ 30] And, Plaintiff sought relief of replevin of the Equipment as against Maximus. [Complaint, ¶¶129–135] Defendants were personally served on January 27, 2025. [Dkt. 8 & 9] Defendants did not answer the Complaint within twenty-one days after service as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

On or about January 31, 2025, Plaintiff learned that a third party was in possession of six pieces of the Equipment and that third party turned over those pieces of the Equipment to Plaintiff ("**Returned Equipment**"). [Declaration, ¶ 32]. Plaintiff also notified Defendants concerning the Plaintiff's receipt of these pieces of Equipment. [Declaration ¶ 33.] On February 26, 2025, Altec sent Defendants a notice of sale letter regarding the possession of the equipment and Altec's intent to sell the Returned Equipment (the "**Notice Letter**") [Declaration, ¶ 33] Defendants did not respond to Altec's Notice Letter. [Declaration, ¶ 34] Altec proceeded with a sale of certain pieces of the Returned Equipment and recovered $309,800.00 for the sale of the Returned Equipment with the VIN numbers 1FVACWFD4RHVA4431 and 1FVACWFD0RHVA4426, and applied the

proceeds to the outstanding balance. [Declaration, ¶ 35] Altec is proceeding with sale arrangements for other items of the Returned Equipment and would offset its balance and partially satisfy any judgment based on future sales of the collateral. [Declaration, ¶ 35] Defendant Maximus is believed to be detaining some of the Equipment, excluding the Returned Equipment, at the address of 19637 Spring Gulch Rd., Anderson, California, but it is unclear where other pieces are currently located. [Declaration, ¶ 36] But for Defendants' wrongful conduct, Altec would not have suffered these damages. [Declaration, ¶ 37]

On February 28, 2025, Plaintiff submitted an *Application For Entry Of Default Judgment* [Dkt. 12] requesting that the Clerk of the Court enter default against Defendants. On March 3, 2025, the Clerk entered default against Defendants. [Dkt. 14].

As of the filing of this Motion, a balance remains due and owing to the Plaintiff under the Lease Agreement in the sum of $3,856,152.71, along with attorney's and costs, per the terms of the parties' Lease Agreements. [Complaint, ¶¶117–128; Declaration, ¶ 30.] Further, Plaintiff also remains entitled to a writ of replevin of the Equipment. [Complaint, ¶¶129–135; Declaration, ¶29-36.]

### III. <u>LEGAL ARGUMENT</u>.

A defendant must file its answer "within 21 days after being served with summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). Upon default, the factual allegations set forth in a complaint are taken as true except those setting forth the damages amount. *NewGen, LLC v. Safe Sig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). The decision to enter a default judgment falls within this Court's discretion. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

### A. The *Eitel* Factors Support Default Judgment.

Courts in the Ninth Circuit may consider seven factors (the "***Eitel* Factors**") in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *United States v. Maxwell*, 2020 WL 2319978, at *1 (D. Ariz. May 11, 2020) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)). Here, the Court should enter default judgment against Defendants because each of the *Eitel* Factors weighs in favor thereof.

*First*, the possibility of prejudice to Plaintiff weighs in favor of default judgment. Defendants have failed or otherwise refused to appear to defend against the allegations set forth in the Complaint, notwithstanding personal service and more than the amount of time set forth in the Federal Rules of Civil Procedure having passed since said service. Defendants have failed to "otherwise defend" this action pursuant to Federal Rule Civil Procedure 55(a). Absent entry of default judgment, there is no reason to believe that Defendants will ever appear, and this case could continue indefinitely. Prejudice to Plaintiff is clear. *See Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020) (in cases were the defendants to not participate, "[p]rejudice to Plaintiffs is obvious—if the motion for default judgment were denied, Plaintiffs would be without other recourse for recovery.").

*Second*, Plaintiff's claim, as set forth by the uncontroverted facts set forth in the Complaint and in the Declaration, is meritorious. Plaintiff provided use of the Equipment under the terms of the Lease Agreement. Maximus has failed to pay all amounts due under the Lease Agreement and is now unlawfully maintaining possession. Maximus' failure to make payment as required under the Lease Agreement constitutes a breach of same. Similarly, Defendant Morales has failed to pay all amounts due under the Guarantee. The result of Defendants' breach is Plaintiff's damages. Similarly, Plaintiff is entitled to recovery of the Equipment from Defendant Morales under the terms of the Lease

Agreement, and a judgment of replevin is therefore warranted. Accordingly, Plaintiff's claims are meritorious and default judgment is appropriate.

*Third*, the Complaint is sufficient on its face. Counts I and II of the Complaint are breach of contract claims. Under Arizona law, "[t]o state a breach of contract claim, a plaintiff must allege that (1) a contract existed, (2) it was breached, and (3) the breach resulted in damages." *Steinberger v. McVey ex rel. Cnty. of Maricopa*, 234 Ariz. 125, 140, ¶ 67, 318 P.3d 419, 434 (App. 2014). Through the Complaint and Declaration, Plaintiff has alleged the existence of a contract (the Lease Agreement and Guaranty) [Complaint, ¶¶ 31–100; Declaration, ¶¶ 14], has outlined Defendants' breach of the same by failing to pay the amounts due [Complaint, ¶¶ 103–116; Declaration, ¶¶ 18–26], and has set forth the damages suffered by Plaintiff as a result of that breach [Complaint, ¶¶ 121, 122, 127, 128; Declaration, ¶ 30].

Under Count III, Plaintiff is seeking a writ of replevin as to the Equipment in the possession, custody or control of the Maximus. Under Arizona law, a plaintiff is entitled to a writ of replevin if it can show: (1) that it is lawfully entitled to possession of the property; (2) that the property is wrongfully detained by the defendant; (3) the value of the property; and (4) that the property has not been seized under any process. A.R.S. § 12-1301; *see also Rucci v. JP Morgan Chase Bank*, No. CV-14-00723-PHX-JJT, 2015 WL 11118121, at *3 (D. Ariz. Jan. 20, 2015). Again, through the Complaint and Declaration, Plaintiff has established that it is entitled to possession under the Lease Agreement and Maximus is wrongfully detaining the Equipment. [Complaint, ¶¶ 130–131; Declaration ¶ 28] Plaintiff has also pled that the current fair market value of the Equipment as $3,344,000.00 and the Equipment has not been taken or seized under any other process. [Complaint, ¶¶ 133–134; Declaration ¶ 31] Since filing the Complaint, certain pieces of the Equipment were returned to Plaintiff by a third party, without seizure under any legal process, but Plaintiff still seeks replevin as to the Equipment so that Plaintiff may establish that it is lawfully entitled to possession and sell the Equipment to recover its damages. The Complaint is therefore

QB\184508.00002\94844278.4

sufficient because it states a valid claim for breach of contract and replevin, and Judgment in favor of Plaintiff is warranted.

*Fourth*, the sum of money at issue in the Complaint, along with the fair market value of the Equipment subject to Plaintiff's replevin claim, weighs in favor of default judgment being entered in Plaintiff's favor. This *Eitel* factor is met where the amount of money at stake is reasonable considering the facts of the case. *See Hedgepeth v. Kings Rd. Entm't, Inc.*, 2017 WL 7163923, at *2 (C.D. Cal. July 11, 2017). The amounts owed to Plaintiff pursuant to the Lease Agreement are set forth in the Complaint and Declaration and are reasonable given the value of the Equipment leased by Maximus to incur those charges. [*See* Complaint, Ex. B; Declaration, ¶ 21]. Furthermore, the fair market value of the Equipment, which Plaintiff seeks to recover and sell through its replevin claim, is $3,344,000.00. Plaintiff is not claiming punitive damages or other special damages. As a result, judgment of replevin is appropriate, and a judgment for Plaintiff's money damages for Defendants' breach of contract is also appropriate.

*Fifth*, no disputed material facts exist. Even ignoring the fact that Defendants have failed to answer the Complaint, the facts set forth therein show that Defendants cannot dispute the amounts due pursuant to the Lease Agreement and Guaranty. Plaintiff's records conclusively show that Maximus leased the Equipment, that Maximus agreed to pay the amounts set forth in the Lease Agreement, and Morales personally guaranteed Maximums' performance under the Lease Agreement. Similarly, Defendants cannot dispute they are maintaining possession of the Equipment without paying all amounts due. Accordingly, Defendants cannot reasonably dispute any of the material facts alleged in the Complaint and above, and therefore judgment should be entered for Plaintiff.

*Sixth*, Defendants' default is **not** the result of excusable neglect; therefore, this factor weighs in favor of default judgment. Defendants are fully aware of this lawsuit and has chosen to ignore Plaintiff's claims. Defendants have been notified of the amounts due to Plaintiff on multiple occasions and it has been nearly one year since Maximus incurred the charges. [Declaration, ¶¶ 21–22, 24]. Plaintiff should not be required to wait indefinitely

for judgment. Indeed, the Federal Rules require Defendants to answer within twenty-one days of service, which Defendants have failed or refused to do. For these reasons judgment in favor of Plaintiff is appropriate.

*Seventh*, the policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits should not preclude entry of default judgment in this case. Defendants should not be able to avoid their payment responsibilities by failing to respond to Plaintiff's Complaint. Although a full hearing of the issues and defenses (if any) may be preferred under the Federal Rules of Civil Procedure, where a party has no defense to an action and refuses to appear, the Rules do not require the Court and the other parties to the action to delay when a defendant refuses to appear. "Put simply, 'the default mechanism is necessary to deal with wholly unresponsive parties who could otherwise cause the justice system to grind to a halt. Defendants who appear to be 'blowing off' the complaint should expect neither sympathy nor leniency from the court.'" *United States v. Maxwell*, No. CV-19-8330-PHX-DWL, 2020 WL 2319978, at *2 (D. Ariz. May 11, 2020) (quoting 2 Gensler, FEDERAL RULES OF CIVIL PROCEDURE RULES AND COMMENTARY, Rule 55, at 119–20 (2020)).

## IV.   CONCLUSION.

For the reasons set forth above, Plaintiff respectfully requests that the Court enter judgment by default against Defendants in the sum of $3,856,152.71 in the form of the proposed *Order Of Default Judgment* submitted herewith, award Plaintiff fees and costs in

an amount to be determined by the Court based on Plaintiff's subsequent application, and grant such other relief as warranted under the circumstances.

RESPECTFULLY SUBMITTED this 17th day of March, 2025.

        QUARLES & BRADY LLP
        Renaissance One
        Two North Central Avenue
        Suite 600
        Phoenix, AZ 85004-2391

By */s/ Dallin B. Hendricks*
    Jason D. Curry
    Dallin B. Hendricks

*Attorneys for Plaintiff Altec Capital Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2025, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court through the U.S. District Court Electronic Court Filing System, which caused notice of such filing to be sent electronically to the registered attorneys of record, and was also sent via first-class mail, postage prepaid and by certified mail, return receipt requested to the following address:

Maximus Tree Works LLC
1923 S. 166th Avenue
Goodyear, AZ 85338-2442

Johnnie Morales
7720 N 177th Ave
Waddell, AZ 85355-9383

Johnnie Morales
1923 S. 166th Avenue
Goodyear, AZ 85338-2442

*Defendants*


*/s/ Lisa Childress* _____